**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| JAKALAH GREY<br><br>    Plaintiff,<br><br>v.<br><br>PROCOLLECT, INC.; GENESIS CREDIT MANAGEMENT, LLC; EASTERN ACCOUNTS SYSTEM OF CONNECTICUT, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and TRANSUNION LLC<br><br>    Defendants. | Case No.:<br><br>**Complaint for Damages:**<br><br>**Violation of Fair Credit Reporting Act** |

Plaintiff, Jakalah Grey, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Fulton, Georgia.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendants, ProCollect, Inc. ("ProCollect"), Genesis Credit Management,

LLC ("Genesis Credit"), and Eastern Accounts System of Connecticut, Inc. ("Eastern Accounts ") are and at all times relevant hereto were lending institutions regularly doing business in the State of Georgia.

6. At all times pertinent hereto, Defendants ProCollect, Genesis Credit, and Eastern Accounts were a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

7. Defendants ProCollect, Genesis Credit, and Eastern Accounts were at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendants ProCollect, Genesis Credit, and Eastern Accounts are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant Experian Information Solutions, Inc. ("Experian") is a credit reporting agency licensed to do business in Georgia.

10. Defendants Experian is at all times relevant hereto, were regularly doing business in the State of Georgia.

11. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

13. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

14. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Georgia.

15. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Georgia.

16. Equifax is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

17. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

18. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

19. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Georgia.

20. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Georgia.

21. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

22. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

23. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

24. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

25. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Fulton County, Georgia and Defendants do business in Georgia.

26. Personal jurisdiction exists over Defendants as Plaintiff resides in Georgia, Defendants have the necessary minimum contacts with the state of Georgia, and this suit arises out of specific conduct with Plaintiff in Georgia.

### IV.     FACTUAL ALLEGATIONS

27. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants ProCollect, Genesis Credit, Eastern Accounts, Experian, Equifax, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

28. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

29. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

30. Experian, Equifax, and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

31. Plaintiff obtained their credit reports from Experian, Equifax, and TransUnion.

32. Plaintiff reviewed their Experian, Equifax, and TransUnion consumer report for accuracy and discovered ProCollect account 430750XXXXXXXXX, Genesis Credit account S0ALA1XXXXXXXXXXXX, and Eastern Accounts account 374347XX (collectively the "Accounts") on their Experian, Equifax, and TransUnion consumer reports in error.

33. Plaintiff completed a Federal Trade Commission Identity Theft Report, under penalty of perjury, reporting the fraudulent information associated with the ProCollect, Genesis Credit, and Eastern Accounts accounts for investigation and prosecution.

34. The Defendants ProCollect, Genesis Credit, and Eastern Accounts continue erroneously to report their Accounts with balance due and owing inclusive of late fees and penalties, and a derogatory status to Experian, Equifax, and TransUnion, which are CRAs and which report accounts on Plaintiff's consumer reports that do not belong to the Plaintiff.

35. The false information regarding the erroneous Accounts appearing on

Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

36. On February 14, 2024, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Experian consumer report.

37. On or about February 14, 2024, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer reports.

38. On or about February 14, 2024, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer reports.

39. Upon information and belief Experian, Equifax, and TransUnion forwarded Plaintiff's Experian, Equifax, and TransUnion Disputes ("Dispute Letters") to Defendants ProCollect, Genesis Credit, and Eastern Accounts.

40. Upon information and belief, ProCollect, Genesis Credit, and Eastern Accounts received notification of Plaintiff's Dispute Letters from Experian, Equifax, and TransUnion.

41. Upon information and belief, ProCollect, Genesis Credit, and Eastern Accounts verified the erroneous information associated with the Accounts to Experian, Equifax, and TransUnion.

42. ProCollect, Genesis Credit, and Eastern Accounts did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

43. Experian, Equifax, and TransUnion did not conduct an investigation, contact the Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

44. Upon information and belief, ProCollect, Genesis Credit, and Eastern Accounts failed to instruct Experian, Equifax, and TransUnion to remove their respective false information regarding the Accounts reporting on Plaintiff's Experian, Equifax, and TransUnion consumer reports.

45. Experian, Equifax, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Dispute Letters.

46. At no point after receiving the Dispute Letters did ProCollect, Genesis Credit, Eastern Accounts, Experian, Equifax, or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

47. Experian, Equifax, and TransUnion relied on their own judgment and the information provided to them by ProCollect, Genesis Credit, and Eastern Accounts rather than grant credence to the information provided by Plaintiff.

48. The Plaintiff has been denied credit and/or refrained from applying for needed credit because of the Accounts.

49. Plaintiff has lost time working to resolve the adverse information associated with the Accounts and prevent future harm.

## COUNT I – EXPERIAN
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

50. Plaintiff re-alleges and reaffirms paragraphs 1-49 as though fully set forth herein.

51. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

52. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

53. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

57. Plaintiff re-alleges and reaffirms paragraphs 1-49 as though fully set forth herein.

58. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

59. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

60. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by

the trier of fact.

61. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

62. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

63. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

64. Plaintiff re-alleges and reaffirms paragraphs 1-49 as though fully set forth herein.

65. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

66. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

67. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

68. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

69. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

70. Plaintiff is entitled to recover costs and attorneys' fees from Defendant

Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT IV – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

71. Plaintiff re-alleges and reaffirms paragraphs 1-49 as though fully set forth herein.

72. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

73. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

74. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

75. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

76. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

77. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT V – TRANSUNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

78. Plaintiff re-alleges and reaffirms paragraphs 1-49 as though fully set forth herein.

79. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

80. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

81. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

82. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

83. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

84. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VI – TRANSUNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

85. Plaintiff re-alleges and reaffirms paragraphs 1-49 as though fully set forth herein.

86. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer

report.

87. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

88. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

89. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

90. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

91. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VII – PROCOLLECT, GENESIS CREDIT, AND EASTERN ACCOUNTS
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

92. Plaintiff re-alleges and reaffirms paragraphs 1-49 as though fully set forth herein.

93. After receiving the Dispute Letters, ProCollect, Genesis Credit, and Eastern Accounts failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

94. Defendants violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendants ProCollect, Genesis Credit, and Eastern

Accounts representations; by failing to review all relevant information regarding Plaintiff's Dispute Letters; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendants ProCollect, Genesis Credit, and Eastern Accounts representations to consumer credit reporting agencies, among other unlawful conduct.

95. As a result of this conduct, action, and inaction of Defendants ProCollect, Genesis Credit, and Eastern Accounts, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

96. Defendants ProCollect, Genesis Credit, and Eastern Accounts's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

97. In the alternative, Defendants ProCollect, Genesis Credit, and Eastern Accounts were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

98. Plaintiff is entitled to recover costs and attorneys' fees from Defendants ProCollect, Genesis Credit, and Eastern Accounts pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Trial by jury;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful

violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted March 21, 2024.

/s/ Esther Oise
Esther Oise, Esq. (GA Bar #686342)
Oise Law Group PC
2635 Governors Walk Blvd.
Snellville, GA 30078
Email: oiselaw@gmail.com
Telephone: (770) 895-3736
Attorney for Plaintiff